# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 25, 2011

## ASSADOT STARLING v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-B-1770     Steve R. Dozier, Judge**

---

**No. M2010-00689-CCA-R3-PC - Filed May 27, 2011**

---

The Petitioner, Assadot Starling, pled guilty in the Davidson County Criminal Court to possession of .5 grams or more of cocaine in a drug free zone with the intent to sell or deliver. He received a sentence of eight years in the Tennessee Department of Correction. Thereafter, he filed a petition for post-conviction relief, alleging that his counsel was ineffective and that his pleas were not knowingly and voluntarily entered. The post-conviction court denied the petition, and the Petitioner appeals. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Assadot Starling.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Rachel Sobrero, and Jennifer McMillen, Assistant District Attorneys General, for the appellee.

## OPINION

### I. Factual Background

The Petitioner was originally charged in a three-count indictment with possession of .5 grams or more of cocaine in a drug free zone with the intent to sell or deliver, a Class B felony; possession of drug paraphernalia, a Class A misdemeanor; and evading arrest, a Class A misdemeanor. Ultimately, the Petitioner pled guilty to possession of .5 grams or more of cocaine in a drug free zone with the intent to sell or deliver in exchange for a Range I

sentence of eight years to be served at one hundred percent and the dismissal of the remaining charges.

At the Petitioner's guilty plea hearing, the State recited the following facts as a basis for the conviction:

> Had the parties proceeded to trial . . . , the State anticipates the facts would reveal that on January 9th of this year, Officer James King was on routine patrol and stopped a car in which [the Petitioner] was the passenger of. When Officer King was checking the ID of the driver, the driver got out of the car and lay on the ground and put his hands in the air. [The Petitioner] got out of the vehicle and fled on foot. He refused all commands to stop. When [the Petitioner] was running, he was observed throwing several bags of white powder onto the ground.

> The TBI report came back on that substance and it did field test positive for cocaine. And it weighed . . . approximately seventeen grams. [The Petitioner] was in a drug free zone at McNeilly Day Care at 400 Meridian Street. However, this was not a drug free school zone. . . . It is a Class B felony.

> A search incident to arrest revealed five hundred and twenty-three dollars in U.S. currency on [the Petitioner's] person and a set of digital scales was underneath the passenger seat where he was seated in the vehicle.

Subsequently, the Petitioner filed a petition for post-conviction relief, alleging that his counsel was ineffective and that his guilty plea was not knowingly and voluntarily entered. The Petitioner alleged that counsel was ineffective by failing to properly investigate his case; by failing to appeal the trial court's denial of a motion to suppress, either by interlocutory appeal or by reserving a certified question of law with his guilty plea; and by failing to appeal the denial of his motion to withdraw his guilty plea. The Petitioner alleged that because counsel failed to fully investigate his case and misinformed him about his rights to appeal or reserve a certified question of law, his guilty plea was therefore not knowingly and voluntarily entered. The Petitioner asked for relief in the form of a new trial or a delayed appeal of the denial of his motion to withdraw his guilty plea.

At the post-conviction hearing, the Petitioner testified that he had only two or three brief meetings with counsel. The Petitioner said that counsel filed a motion to suppress the evidence against him but did not talk to the Petitioner about the motion before it was filed. After the motion was denied, the Petitioner told counsel several times that he wanted to appeal, but counsel told the Petitioner that he could not appeal. According to the Petitioner, counsel never explained why he had no right to appeal.

The Petitioner said that he asked counsel to get all the facts about his case. He conceded that counsel gave him a copy of the discovery materials. The Petitioner acknowledged that as part of discovery, he received a police report from Officer King. However, he wanted police reports from two officers who were also on the scene. He said that if he had known there were no other police reports, "I would've gone further into my case."

The Petitioner stated that counsel should have given him accurate information instead of misleading him. The Petitioner said that police stopped the vehicle he was in because the "tags didn't match." He told counsel that the vehicle had been properly registered one or two days before, but counsel insisted that "the tags were wrong."

The Petitioner acknowledged that he had an extensive felony record. He also acknowledged that he was aware he could have taken the case to trial and instead chose to plead guilty. He conceded that at the guilty plea hearing he told the court that he was satisfied with counsel's representation and that he was aware he could not appeal his guilty plea. However, he maintained that he asked counsel several times to reserve a certified question of law concerning the validity of the stop, search, and seizure.

The Petitioner's trial counsel testified that because of the Petitioner's extensive criminal record, the State was initially unwilling to entertain plea offers. Therefore, counsel prepared to take the case to trial. Counsel filed a motion to suppress, believing there were "good issues." Counsel stated that he discussed the motion to suppress with the Petitioner. Counsel explained that he thought there was an issue regarding the stop because the license plate of the vehicle in which the Petitioner was a passenger had been properly registered one or two days prior, but, due to "lag time" between registration and posting, the police computer reported that the license plate was issued to another vehicle. Regardless, the motion to suppress was denied. Counsel explained to Petitioner that he did not think an interlocutory appeal would be granted on the suppression issue. Counsel discussed the possibility of raising a certified question of law or filing an appeal if they were not successful at trial.

Counsel recalled that after the denial of the motion to suppress, the State approached

him with a plea offer. Counsel said that the Petitioner qualified as a Range II, multiple offender and was facing a sentence of eighteen to twenty years if convicted at trial. However, the State offered to let the Petitioner plead guilty as a Range I, standard offender to a sentence between eight and twelve years at one hundred percent, with the length of sentence to be determined by the trial court. Counsel conveyed the offer to the Petitioner. Counsel explained that the Petitioner could reserve a certified question of law with his plea but that, if he did so, the State would probably ask for a longer sentence. Therefore, counsel and the Petitioner decided to make a counteroffer of a plea to an eight-year sentence to be served at one hundred percent with no right to appeal. Counsel said the Petitioner wanted to go forward with the plea.

Counsel stated that after pleading guilty, the Petitioner filed a motion to withdraw his guilty plea. Counsel assisted the Petitioner with the motion, but it was denied by the trial court. At first, counsel was unaware that he could appeal the denial of the motion to withdraw the guilty plea. However, after the hearing, he discussed it "with some lawyers" and learned that he could appeal. Counsel said he researched the issue and concluded that "it did not rise to the level of manifest injustice." Counsel acknowledged that he did not advise the Petitioner of his right to appeal.

At the conclusion of the hearing, the post-conviction court issued an order denying the petition. The court found that the Petitioner failed to prove the grounds in his petition regarding the ineffectiveness of counsel or the voluntariness of his guilty plea. On appeal, the Petitioner contests the post-conviction court's ruling.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See

-4-

State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Because a petitioner must establish both prongs of the test, a court need not address both components and may deny relief based upon a failure to prove either deficiency or prejudice. Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

When a defendant enters a plea of guilty, certain constitutional rights are waived, including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, in order to comply with constitutional requirements a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must advise the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. Boykin, 395 U.S. at 244.

In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the

charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

On appeal, the Petitioner contends that his guilty pleas were not knowingly and voluntarily entered because he believed that counsel would appeal the denial of the motion to suppress via interlocutory appeal or by reserving a certified question. He also contends that counsel was ineffective by failing to properly inform him about an interlocutory appeal or certified question. Moreover, he alleges that counsel was ineffective by failing to inform the Petitioner that he had a right to appeal the denial of his motion to withdraw his guilty plea.

The post-conviction court accredited the testimony of counsel, noting that counsel said he discussed with the Petitioner the alternatives available and that the Petitioner understood his options and chose to plead guilty. Although trial counsel acknowledged that he did not discuss with the Petitioner that he could appeal the denial of his motion to withdraw his guilty plea, the post-conviction court found that the Petitioner failed to establish that a delayed appeal regarding the denial of his motion to withdraw his guilty plea "is warranted or appropriate in this case." The post-conviction court found that the Petitioner's guilty plea was knowingly and voluntarily entered. We agree.

Turning to the Petitioner's claim of ineffective assistance of counsel, we note that counsel testified he informed the Petitioner that it was unlikely the appellate court would entertain an interlocutory appeal concerning the denial of the motion to suppress. He also advised the Petitioner that pursuing a certified question about the suppression issue would likely result in the State insisting the Petitioner agree to a longer sentence. After so advising the Petitioner, the Petitioner chose to plead guilty. The evidence does not preponderate against the post-conviction court's finding that counsel did not provide ineffective assistance.

In addressing the Petitioner's summary contention that he should have been granted a delayed appeal regarding the withdrawal of his guilty plea, we note that a delayed appeal may be granted when a petitioner "was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee." Tenn. Code Ann. § 40-30-113(a). Rule 32 of the Tennessee Rules of Criminal Procedure provides that "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2).

Although counsel stated that the Petitioner timely filed a motion to withdraw his guilty plea, nothing in the record supports this contention. The Petitioner failed to adduce any proof regarding the denial of his motion to withdraw his guilty plea; specifically, the Petitioner failed to submit a copy of his motion or a transcript of the motion hearing as exhibits. Counsel acknowledged that he was initially unaware that he could appeal the denial of the motion to withdraw the guilty plea. After learning that he could appeal, he researched the issue and concluded that "it did not rise to the level of manifest injustice." There is nothing in the record that suggests that the appeal of the motion to withdraw the guilty plea would have been successful. Given the paucity of proof the Petitioner presented about the motion to withdraw his guilty plea and the lack of its potential for success, we can discern no error by the trial court in denying the Petitioner's request for a delayed appeal.

### III. Conclusion

In sum, we conclude that the post-conviction court correctly found that the Petitioner failed to establish that counsel was ineffective or that his guilty plea was not knowingly and voluntarily entered. Therefore, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE